NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, : : : : Plaintiff, : : v. : : JAMES WOOD, : : Defendant. : : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 08-CV-3810 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court upon motion to remand by Plaintiff the Great Atlantic and Pacific Tea Company ("A&P"). After hearing oral argument, considering the submissions of the parties, and based upon the following, it is the finding of the Court that A&P's motion to remand is **granted**.

**I.**     **BACKGROUND**[1]

     **A.**     **Factual Background**

      On April 29, 1980, A&P and Defendant James Wood ("Mr. Wood") entered into an employment agreement whereby Mr. Wood was appointed the Chief Executive Officer and Chairman of the Board of A&P. The employment agreement was amended and restated twice, on November 28, 1984 and on December 1, 1988 (the "First Employment Agreement"). The above listed versions of the First Employment Agreement included a "Supplemental

---

[1] The facts set forth in this Opinion are taken from the Parties' respective submissions.

Employment Retirement Plan" ("SERP"), the terms of which were attached thereto as Exhibit A. In the SERP, A&P promised Mr. Wood monthly pension payments from the general assets of the Company after retirement. The SERP contained a formula by which the pension amount would initially be determined. Thereafter, Mr. Wood's pension amount would be supplemented in accordance with a cost-of-living escalator keyed to the federal Consumer Price Index for Urban Wage Earners and Clerical Workers - U.S. City Average ("CPI-U").

On December 29, 1988, A&P and Mr. Wood, by way of a letter agreement, entered into a new employment agreement (the "Second Employment Agreement"). In the Second Employment Agreement, Mr. Wood agreed to the purchase of a paid-up annuity and to accept ownership of that annuity as satisfaction of his right to payment from the SERP as specified in the First Employment Agreement. The Second Employment Agreement did not make mention of, nor did it have attached to it the terms of the SERP. As required by the Second Employment Agreement, A&P purchased a paid-up annuity from Metropolitan Life Insurance Company valued at ten million dollars. Ownership of the annuity was immediately transferred to Mr. Wood.

In order to ensure that the annuity compensated Mr. Wood for the entire value of the SERP, A&P and Mr. Wood included in the annuity a fixed annual escalator of 4.5%. As a result of the annual escalator being fixed, in any given year Mr. Wood would potentially receive more or less compensation than he is entitled to. To remedy this problem, the Second Employment Agreement contained a clause referred to as the annual true-up mechanism, which committed A&P to pay from its general assets any amounts owing to Mr. Wood for increases in the cost of living over 4.5%. Likewise, if the cost of living is less than 4.5%, the Second Employment Agreement required Mr. Wood to remit to A&P the difference. Since 1999 the CPI-U has been

less than 4.5%. A&P asserts its rights under the contract and alleges that as of the Fall of 2007, Mr. Wood owes A&P an accumulated amount of $467,814, plus interest in the amount of $67,910. These amounts are calculated overpayments from the annuity paid to Mr. Wood.

**B.     Procedural History**

On July 1, 2008, A&P filed the instant Complaint against Mr. Wood in New Jersey state court. Subsequently, on July 31, 2008, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Mr. Wood filed a notice of removal. On August 29, 2008, A&P filed the present motion to remand on the grounds that removal as prescribed by 28 U.S.C. §1441 was improper because the underlying Complaint does not sound in federal law.

**II.    STANDARD OF REVIEW**

In an action removed to federal court under 28 U.S.C. §1441, the removing party bears the burden of showing that there is federal subject matter jurisdiction. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); see also Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. See Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Under the "well-pleaded complaint" rule, the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

For removal to be proper, "'[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one of the plaintiff's cause of action.'" Id.

(citing Franchise Tax Bd. of Cal. v. Construction Laboror's Vacation Trust for S. Cal., 463 U.S. 1, 9-12 (1983)).  Where federal jurisdiction is not presented on the face of the complaint, the action may be removed if it falls within the narrow class of cases to which the doctrine of "complete pre-emption" applies.  Aetna Health, Inc. v. Dabila, 542 U.S. 200 (2004).  "'As a corollary of the well-pleaded complaint rule,' complete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'"  Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004), cert denied, 546 U.S. 813 (2005).

**III.   DISCUSSION**

Mr. Wood's removal motion was based upon his claim that this case implicates the Employment Retirement Income Security Act ("ERISA").  The Supreme Court has long made clear that a state law claim "within the scope of" the civil enforcement provisions of ERISA, Section 502(a), 29 U.S.C. §1132(a), is "removable to federal court."  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987); accord Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 354-55 (3d Cir. 1995).  A&P seeks remand on the grounds that its Complaint is predicated on state contract law and that the contract at issue does not implicate ERISA.  To resolve this matter the Court must first determine whether there has been a "cash out" of Mr. Wood's pension plan detailed in the First Employment Agreement.  If it is determined that there has been a "cash out," then the Court must determine whether resolution of this matter implicates ERISA.

    **A.   Mr. Wood's Pension Plan and the Paid Up Annuity**

ERISA Section 3(7), 29 U.S.C. § 1002(7) defines "participant" in an ERISA covered plan as anyone who "is or may become eligible to receive a benefit of any type from an employee

benefit plan...." When a paid-up annuity has been substituted for the right to receive payments pursuant to a pension plan, the beneficiary no longer is or may become eligible to receive benefits from the plan, and the plan thereby ceases to covered by ERISA. Moreover, shortly after the enactment of ERISA, the United States Department of Labor issued a regulation, codified at 29 C.F.R. § 2510.3-3(d)(2)(ii), which implements the following regulatory definition of "participant:"

> (ii) An individual is not a participant covered under an employee pension plan or a beneficiary receiving benefits under an employee pension plan if--
>
> (A) The entire benefit rights of the individual--
>
> (1) Are fully guaranteed by an insurance company, insurance service or insurance organization licensed to do business in a State, and are legally enforceable by the sole choice of the individual against the insurance company, insurance service or insurance organization; and
>
> (2) A contract, policy or certificate describing the benefits to which the individual is entitled under the plan has been issued to the individual; or
>
> (B) The individual has received from the plan a lump-sum distribution or a series of distributions of cash or other property which represents the balance of his or her credit under the plan.

29 C.F.R. § 2510.3-3(d)(2)(ii) further provides that, if a plan has no participants who satisfy the regulatory definition, the plan itself is not covered by ERISA.

A&P argues that both prongs of this definition apply to Mr. Wood. The first prong because Mr. Wood waived his right to benefits under the SERP by accepting ownership of the paid-up annuity. The second prong because the annuity constitutes property and Mr. Wood in accepting ownership of the annuity has received property equal to the balance owed him under the SERP. Based on this, A&P argues that the SERP is not covered by ERISA. A&P supports

5

its arguments with United States Department of Labor Advisory Opinion 81-60A, which held that where assets of a pension plan were used to buy a paid-up annuity contract from an insurance company, under which all benefits owed were to be provided directly by the insurance company to the participants, these individuals ceased to be "participants" in an ERISA covered pension plan.  The ruling further confirmed that the plan itself, which continued to exist, ceased to be a covered ERISA plan because it no longer had any "participants."  These contentions are consistent with Third Circuit case law.  In Thompson v. The Prudential Ins. Co. of America, it was determined that an individual's rights under an ERISA-covered pension plan were satisfied through the purchase of a paid-up annuity contract and the individual ceased to be a participant in an ERISA-covered pension plan.  795 F. Supp. 1337, 1343 (D.N.J. 1992), aff'd, 993 F.2d 226 (3d Cir. 1993).  As a result, the Court held that the annuity contract was not an ERISA-covered pension plan.  Id.

    In response, Mr. Wood asserts that he never expressly waived his right to benefits under the SERP and as a result, if the annuity for any reason did not pay him what he was owed, he would be entitled to pursue his right to payment of the difference pursuant to the SERP.  To support his arguments, Mr. Wood turns to the language of the Second Employment Agreement which he contends provides that the SERP will continue.  The Second Employment Agreement stipulates that "[t]he Company's [A&P's] obligation to provide you [Mr. Wood] the Pension will continue, reduced by the amount of the benefit paid you under the Trust and any annuity contract or contracts distributed to you by the Trust...."  This clause provides that A&P will pay Mr. Wood pension amounts he is owed above and beyond any payments made to him.  As a practical matter, the annuity, along with the true-up contract, equals the whole amount owed to him under

the SERP. Any amounts not paid by the annuity would be the result of cost of living increasing greater than 4.5%. If such a situation were to occur, Mr. Wood might be able to assert rights under the SERP but would certainly be able to assert his right to an increased cost of living adjustment under the Second Employment Agreement. A&P transferred ownership of the annuity to Mr. Wood and he accepted it. Thereafter, Mr. Wood was, and to date is not owed anything under the SERP.

Even accepting *arguendo* that the plan continues to exist despite the satisfaction of all obligations to Mr. Wood, the plan would still not be an ERISA-covered pension plan. Id. A&P cites several cases from the Third Circuit and other jurisdictions to demonstrate that an annuity from an insurance company can be used to satisfy obligations arising from ERISA covered pension plans and that once ownership of such an annuity is transferred to the participant, the pension plan terminates or is no longer governed by ERISA. See Thompson v. The Prudential Ins. Co. of Am., 795 F. Supp. 1337, 1340 (D.N.J. 1992) ("the annuity plan under which plaintiffs claim immediate entitlement to payment is the direct result of [plaintiff's] decision to terminate an earlier benefits plan"); Blossom v. Bank of New Hampshire, No. Civ. 02-573-JD, 2004 WL 1588307 at *4 (D.N.J. July 16, 2004) (plaintiff's "benefit rights are . . . fully guaranteed by and legally enforceable against [the insurance company]"); Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 948, 952 (6th Cir. 1990) (the plaintiffs "accepted the payment of everything due them" under the plan and "the plan was dissolved"); Joseph v. New Orleans Elec. Pension and Ret. Plan, 754 F.2d 628, 630 (5th Cir. 1985) (the retirees "have accepted the payment of everything due them in a lump sum"); Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 3 (1987) (the issue was "whether a Maine statute requiring employers to provide a one-time

7

severance payment to employees in the event of a plant closing" is pre-empted by ERISA); and Peace v. Am. Gen. Life Ins. Co., 462 F.3d 437, 441 (5th Cir. 2006) ("[defendant] made a one-time payment into an annuity, after which there was no subsequent demand on its assets"). Mr. Wood summarily contends that these cases are distinguishable but does not support this contention. Presumably, Mr. Wood's contention is based upon the fact that in the cases cited, the plan participants all expressly waived their pension benefits. This argument is not persuasive. Although in this case there was no express statement of waiver, by accepting ownership of the annuity, Mr. Wood received satisfaction of his rights under the pension plan. Waiver was implied by the acceptance of ownership of the annuity. The fact that Mr. Wood ensured that his right to CPI-U adjustments was included in the annuity further evidences that Mr. Wood intended for the annuity to satisfy his rights under the SERP.

   **B.**  **Implication of ERISA**

   Mr. Wood argues that because overpayments owed to A&P cannot be determined without referring to and interpreting the terms of the SERP, A&P's claims interrelate with the SERP sufficiently to bring the Complaint within ERISA preemption. In response, A&P turns to the Second Employment Agreement wherein the parties provided that experts (actuaries) must be used to determine annually the amount, if any, that Mr. Wood is being overpaid thus not requiring a court to interpret the SERP.

   In addition to A&P's argument, the Court relies on the fact that Mr. Wood is not a participant in the SERP and as a result, the SERP has no participants and is therefore not governed by ERISA. Thompson, 795 F.Supp. at 1343. The Court notes that any overpayments owed to A&P would be decided primarily based upon the CPI-U and not ERISA. Therefore,

even if reference to and interpretation of the SERP becomes necessary, ERISA is not implicated because the SERP is no longer a covered plan.

**IV.**     **CONCLUSION**

For the reasons stated, it is the finding of the Court that A&P's motion to remand is **granted**. An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | March   10  , 2009 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Mark Falk, U.S.M.J. |
| | File |